IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| CHRISTINE MAGRUDER, | : |  |
|---|---|---|
|  | : |  |
| Plaintiff, | : |  |
|  | : | Civil Action No.: L-10-800 |
| v. | : |  |
|  | : |  |
| SLEEP SERVICES OF AMERICA, | : |  |
|  | : |  |
| Defendant | : |  |

o0o
## **MEMORANDUM**

Now pending is Defendant Sleep Services of America's Motion to Dismiss for Failure to Prosecute. Docket No. 18. For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Motion and DISMISS the case WITH PREJUDICE.

### I. BACKGROUND

*Pro se* Plaintiff Christine Magruder filed the instant action on March 31, 2010, alleging that she had been fired from Sleep Services after taking leave under the Family and Medical Leave Act. On May 21, 2010, a Scheduling Order was put in place and discovery commenced. Since then, Magruder has repeatedly failed to cooperate with the discovery process.

Magruder's response to Defendant's First Request for Production of Documents was due July 12, 2010. After being sent two letters dated July 15 and July 23, Magruder finally responded by letter on August 23, apologizing for her lack of production but still providing no written response to the Request and producing no documents.

1

This delay required that Magruder's deposition, originally scheduled for August 5, be rescheduled for September 8. Magruder was sent an amended Notice of Deposition more than a month in advance, as well as a reminder email the day before the deposition.[1] At 5:43 a.m. on the morning of September 8, Magruder sent a fax to Sleep Services' counsel informing them that she would not appear for her deposition.

On September 14, the Court held a teleconference with the parties to discuss the situation. Magruder informed the Court that her failures were due to significant issues at home and the large proportion of overnight travel required by her job. Accordingly, the Court granted her more time to respond to the outstanding discovery requests, and encouraged her to produce documents on a rolling basis as her schedule allowed.

In an effort to find a convenient time when Magruder's deposition could be taken, the Court also ordered Sleep Services' counsel to provide her with three alternate dates between November 8 and November 19. Magruder was to choose one and inform Sleep Services of her decision by October 18. On September 21, Sleep Services sent both a letter and an email listing the alternate dates. When Magruder failed to respond by the October 18 deadline, Sleep Services sent another email reminding her of the Court's Order. Magruder did not respond to this email either, and it is the Court's understanding that to date she has still not been deposed.

On October 20, Sleep Services sent a letter to the Court advising of Magruder's noncompliance, a copy of which was served on Magruder via both email and standard post. On October 22, Sleep Services filed the pending Motion to Dismiss for Lack of Prosecution, likewise delivered to Magruder both by mail and email. Magruder's response was due on or

---

[1] At some point, Magruder apparently advised Sleep Services that email was the best way to reach her and her preferred method of communication.

before November 8.  On September 26, the Court also sent Magruder a Rule 12/56 letter.  The letter informed her that Sleep Services had filed a motion to dismiss, and that if she failed to respond within 17 days of the date of the letter, the motion could be granted and her case dismissed.  Attached to the letter were copies of Federal Rules of Civil Procedure 12 and 56.  To date Magruder has not responded to either the letter or to Sleep Services' Motion.

**II.     LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a Defendant may move to dismiss a claim against it if the Plaintiff fails to prosecute his or her case.  See Fed. R. Civ. P. 41(b).  When the Court grants such a motion, the dismissal is presumed to be with prejudice unless the Court notes otherwise.  Id.  This means that the Plaintiff may not re-file her case, because the dismissal acts as an adjudication on the merits of her claims.

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'"  Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).  In deciding whether dismissal with prejudice is warranted, the Court should consider the particular circumstances of each case, including but not limited to the following factors: (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal.  Ballard v. Carlson, 882 F.2d 92, 95 (4th Cir. 1989).

## III. DISCUSSION

The Court believes that dismissal with prejudice is warranted in this case. First, because she is proceeding *pro se*, Magruder must take full responsibility for the failure to prosecute her case. Second, the failures and delays on Magruder's part have not been isolated. She has been repeatedly reminded, both by the Court and opposing counsel, of her obligations with regard to her case. She was also warned that her case was in danger of being dismissed, and has failed to respond. Third, this case is no longer in the early stages. A schedule has been in place for more than five months, and Sleep Services has participated in discovery and incurred costs and legal fees related to the litigation, some of which were occasioned solely by Magruder's delays. To allow Magruder to re-file her action at a later time and begin the process again would thus inappropriately prejudice Sleep Services.

Magruder has advised that she is addressing family medical matters and has a demanding job schedule. The Court is sympathetic to her circumstances, and both the Court and Sleep Services have been willing to make accommodations to allow her case to proceed. Nonetheless, Magruder's failure to abide by the Court's orders, to respond to numerous communications, and to take responsibility for the prosecution of her claims, justify dismissal of her case with prejudice.

Dated this 12th day of November, 2010.

                                                                                       /s/
                                                            Benson Everett Legg
                                                            United States District Judge